■ STANLEY GAJDA, Respondent-Appellant, v LOLAW REALTY CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants and Third-Party Plaintiffs. FLYNN HILL ELEVATOR CORPORATION, Defendant and Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, (1) the defendant third-party plaintiff Lolaw Realty Corp. appeals from so much of an interlocutory judgment of the Supreme Court, Nassau County, dated December 12, 1977, as, after a jury trial

limited to the issue of liability only, (a) is in favor of plaintiff and against it and (b) dismissed its third-party complaint and cross complaint as against Flynn Hill Elevator Corp. and (2) the plaintiff cross-appeals from so much of the same interlocutory judgment as dismissed his complaint against defendant Flynn Hill Elevator Corp. Interlocutory judgment modified, on the law, by deleting the second, third, fourth and fifth decretal paragraphs thereof, except insofar as they are in favor of Kurt Weiss and Anna Weiss. As so modified, interlocutory judgment affirmed insofar as appealed from, without costs or disbursements, and action remitted to the Trial Term for further proceedings consistent herewith. It was improper to dismiss the complaint, third-party complaint and cross complaint against the elevator service company. Negligence on its part could be proved by use of circumstantial evidence or through the doctrine of *res ipsa loquitur.* A new trial is required so that a jury can determine the question of Flynn Hill's negligence. No appeal was taken from the dismissal of the complaint as against defendants third-party plaintiffs Kurt and Anna Weiss. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.